Good morning, Your Honors. May it please the Court, Jason Goldstein of Buck Alternium are on behalf of Petitioner of the Travelers Indemnity Company. There's no dispute the remedy Travelers seeks under Labor Code 5500.5a and 3706 exists outside the workers' compensation system and is properly enforced before this Court. But under the facts of this case? I understand that in the abstract that can be true, but given the fact that this man was employed by two different teams during the relevant time period, aren't you relegated to the board? No, Your Honor. You've nailed it on the head. That's the hope. Well, what this case is about is whether or not an illegally uninsured employer like the Saints gets the benefit of the workers' compensation bargain when an insured employer fortuitously employs the same employee during the last year. The answer is no, they don't get that bargain and I can give the Court two reasons why. Please do. The first reason is that when the district court limited Travelers to the workers' compensation system, it provided the benefit of the workers' compensation bargain to an illegally uninsured employer. Well, that's not true. You could have joined Travelers could have joined the Saints in the proceeding before the WCAB. There are. And the player could sue them, can't he? Well, no. Once we paid the claim, we are subrogated to the rights of the player and then can sue in state court under 3706 pursuant to Labor Code 5500.5a. You can seek remedies in the workers' compensation court and the district court at the same time because they provide two separate remedies. The workers' compensation system provides compensation. It does not provide damages. The statutes 5500.5a and 3706 specifically provide for reimbursement and subrogation to the rights of the employee when an insured employer pays workers' compensation benefits. The question that's presented here, the elephant in the room, is what happens when there are two employers in the last year? One uninsured, one insured. The answer to that question is the actual statute itself, the third paragraph of Labor Code 5500.5a, specifically provides that if one insured, an insured employer pays benefits to a employer during the, quote, last year, end quote, it has a right of reimbursement against the employer's plural during that last year. Now, where do you get the plural part? Where does that come from? It states in the third paragraph of 5500.5a that after, you know, a payment is made, shall be entitled to reimbursement from the employers who are unlawfully uninsured during the last year. To be able to make it that, and this last year is a judicial construct, and if there couldn't be two employers during that last year and one of which could seek reimbursement from the other, that would render this surplusage. And, in fact, to get the erroneous result the district court reached, you'd have to put in the word different before the last year. That would be rewriting this statute, and in doing so would be improper. And I would also like to say that in the Ninth Circuit Court of Appeal opinion of N. Ray George, it dealt with this exact same situation. I'll admit it was in conjunction with an excise tax, but this analysis was critical to its conclusion, and that was that if there are two employers in the same last year, one of which is insured, one of which isn't, which was like travelers here insured, saints here illegally uninsured. But forgive me, counsel, a tax issue and a workers' comp issue are quite different, aren't they? Not in this situation, Your Honor, because it all dealt with whether or not the treatment of the payment of workers' compensation benefits would be dealt with in a bankruptcy proceeding. My point is simply this, that in its wisdom, the political branches of the California government have concluded that matters related to employee injuries are to be handled almost exclusively by the board. They don't want it in the court system. Here you've got a reimbursement situation. There is a provision in the statute where under certain circumstances you are entitled as the payor, if you will, of the situation to reimbursement. The question is whether you fit in that situation. I personally don't see how the George case helps you because it's such a very different factual construct. Can you tell me, based on any case that is on all fours with these facts, where the, if you will, party in your client's situation was entitled to reimbursement? The closest case is In re, George, and I would proffer that it is directly on point because the analysis regarding whether or not an employer, an insured employer in the same year could seek reimbursement in civil court from an uninsured employer was central to the resolution of In re, George. But for that to be. It was a very different statute it relied upon, was it not? Nope, it relied on Labor Code 5500.5A and 3706, Your Honor. And it utilized that as the exact example to apply because if there wasn't this basis where there could be two separate employers during the same year, one insured, one uninsured, then there was a chance it could have been an excise tax. That would have been a totally different conclusion in that case. It is thus critical to the fact that the Ninth Circuit has interpreted the statute in this manner, that there could be a situation in which there is one uninsured employer, one lawfully insured employer in the same year, and that the insured employer can recover benefits. And this is also consistent with public policy and legislative intent. The legislature of California has specifically determined that those who pay and lawfully are insured get the benefits of the workers' compensation. That is immunity from tort liability. Those employers who do not, like the Saints in this instance, do not get the benefit of that workers' compensation bargain. And an employer who has to pay benefits, like travelers here, is entitled to pursue subrogation claims. That opens up all sorts of remedies that are not provided by the Workers' Compensation Appeals Board. You get a presumption of negligence and you get the full range of tort damages. This provides a penalty and rationale for other employers to make sure they're insured to comply with California's workers' compensation system. I'd like to come back to 500.5, 5500.5a. You read a portion of a paragraph, but the preceding paragraph says in the event none of the employers, that's not this situation, none of the employers during the period is insured, then you go back to the prior years until you find the first employer who was insured, right? That's the structure. There's also jurisdiction as well as insurance. Let me finish my question. Okay. And then the next paragraph. So then the next paragraph is any employer held liable as a result of another employer's failure shall be entitled to reimbursement. And then you emphasize shall be segregated to the rights granted to the employee against the unlawfully insured employers. But this whole section is dealing with a situation where neither of the employers during the relevant time period were insured. That's not this situation. Well, there's not insured and jurisdiction. There were other teams that, for example, Mr. Wark played, and based on the Patterson case from the workers' comp, you have to have jurisdiction and insurance. And if these other teams did not have minimum contacts here, you couldn't get it. So then it pushes back. It goes from a real last year to a judicially constructed last year. Yes, but this statute is dealing with that, right? So that explains why the employers is plural in that sentence that you read. Your Honor, I would disagree because the last year is the judicially created last year. And as discussed in Ray George, there could be two employers during that last year, one insured, one uninsured. But doesn't 5500.5A, though, deal with the situation when you have a reimbursement for somebody who you've got two different employers, one's not covered. In this case, you've got both teams that don't fit that definition. So how does it apply here? The definition meaning they were the employer in the judicially constructed last year, one insured, one uninsured. It got pushed back. And either way, with construing the statute in accord with in Ray George, as well as the public policy of uninsured employers don't get the benefit of workers' compensation, it makes sense. And if you have to determine the last year, there can only be one last year under the workers' compensation system. That's just how it works, Your Honor, and therefore. All right. You've used up your time. Let's hear from the other side. Good morning. Eric Fisher here on behalf of New Orleans Saints. And based upon the argument and based upon the questions from the panel, you have obviously taken the time to get into the vagaries of 5500.5 and the rest of the key provisions in the workers' compensation code. One thing I'd like to say starting off is Judge Staten also did that. We had a lengthy motion to dismiss hearing in front of the court. These issues were argued at length. Her opinion, which I know you have consulted, is very well done. She understood the complexities. That's what we're reviewing. That's what we do. So you can assume we paid a lot of attention to it. Her dismissal order cites both 12B1 and 12B6. In your view, is this a 12B1 or a 12B6 dismissal? Well, I was prepared for many questions here today, and I will defer to the judge's ruling as far as the dismissal being on both grounds. Honestly, I was prepared to argue the statute and all the issues that go along with that. So I will defer to the judge on that one. To hit some of the high points here. You don't know whether we have subject matter jurisdiction? Well, my view is you do not because this issue is exclusively before the WCB under Section 5300 of the California Labor Code. Okay. And absent the very narrow exception that was discussed. So you do agree with 12B1? I do not agree with any jurisdiction. But the subject matter jurisdiction. So she dismissed it based on that. And you also agree on 12B6 because you believe they didn't state a cause of action because it didn't fit within the statute, right? It didn't fit within the statute, plus she was within her discretion to dismiss the declaratory judgment claim because there was no underlying claim that provided for jurisdiction in this court. And she had the discretion also to deny the declaratory judgment claim. Hitting on the high points, Your Honors. One, you have stressed the point that we shouldn't be here today. We should be in front of the California Workers' Compensation Appeals Board. The statute is specific, and there's only a very limited circumstance that a party can remove itself from the WCAB. That circumstance has not been met here. As you read the statute under 5500.5A, there are two requirements for a reimbursement claim to arise. Neither one of those is applicable here. There was no pushback, as counsel has said, because there was an employer with insurance in the last year. Also, there was no situation where an employer, in this case Travelers, was held liable because of a legally uninsured employer in this situation. Travelers was in the last year, and therefore they resolved the claim and they paid it. So this claim, at best, is an apportionment claim, which is under 5500.5C and E, as the judge pointed out. And once you're under an apportionment claim, that there is only jurisdiction before the WCAB for that kind of claim. Very simply, those are the facts here. There are no facts that can bring you within the exception of the jurisdiction of the WCAB. I also want to point something out that is referred to, I think I counted, 21 times in the Travelers' brief about the Saints being illegally uninsured. There is no finding of that. In fact, there is a contrary finding by Judge Mark before the WCAB that the Saints were insured during this period of time. So we're not at that point, and Travelers are certainly able to raise that issue on coverage before the WCAB if they choose to do so. I would say that we would not even get there in this case because the facts show and the allegations show that the only employer in the last year was the Chiefs. So we don't even get back to the Saints in this case. Counsel, your opposition cited a case called NRAGE George. What's your take on that case? Yeah, I've read that case multiple times, and I don't see any application of that case to our facts here. As you pointed out, that's a bankruptcy case. Jurisdiction was not raised vis-à-vis the differences under 5500. Aside from the jurisdictional argument, he cited the reference to the 5500.58. How, if at all, does it apply to that analysis? Your Honor, like I said, I've read that case several times, and I do not see any application here in that analysis. He says that it construed that statute. Do you agree with him? No. What does it construe? In my sense, it's just trying to figure out whether that payment would qualify as an excise tax under the bankruptcy code. And I'm not going to profess I'm a bankruptcy expert, but, like I said, going through that case, I don't see how it comes close to our issues with dealing with what's the scope and the jurisdiction of WCAB, particularly in this kind of situation. I gather your primary point is that one of the employers had insurance, in this case the chiefs, and this can't be a pushback accordingly, and, therefore, the analysis that they come up with doesn't apply. Exactly. And, in fact, there were actually two employers. The Saints also did have insurance at that point in time. But for purposes of argument here, there's no question that the chiefs, through travelers, had insurance, and, therefore, at best, it's an apportionment case. I think the pleadings make clear that what travelers have sought here is a percentage, and once you're talking about a percentage, you're into apportionment contribution. You're not into a reimbursement situation. Would you comment on what the board has done, if anything, at this point regarding this claim? Yeah, the board hasn't done anything because after travelers settled, which is a different situation from someone seeking tort damage or an employee seeking tort damage under 3706. We have a settlement here in the WCAB. Travelers would never be able to step in and bring those kind of tort claims because we would have resolution. All we're talking about is how that resolution and that payment of money will be split up. I got the impression from reading the briefs that the board had taken an action that travelers was concerned about and wanted some kind of a court judgment that would help deal with the board. That's what I'm trying to understand. Did the board take any action? You're saying there was no action taken by the board? No, no, I'm sorry. After travelers, there was a CNR compromise and release. In that, they reserved the right to seek apportionment and contribution against the Saints. But what happened was Judge Mark found coverage under the same policy. And at that point, that hasn't moved forward because then travelers decided to come to federal court to try to get away from the WCAB and have that issue litigated. Originally, there was a request for apportionment. Absolutely. That's still pending. Yes, and they filed another request within the one-year period because under 5500.5E, you have to file for apportionment within a one-year period after the settlement. So what's the status of the board? Are those proceedings stayed pending this litigation? Yes, what happened there, and this also goes to the philosophy of the WCAB, this case is graphic arts, my time's getting short, graphic arts in the Portland Trailblazers case, makes clear that the procedures before the WCAB are supposed to be speedy, efficient. This whole process was set up so that you don't have a lot of insurance companies dragging out the process. The Portland case says that insurance is supposed to prevent insurance carriers from complicating the litigation process and delaying the provision of benefits for the injured worker. What has happened here is exactly the opposite. Those cases went dead, and as Travelers has mentioned, there's about ten other cases which Travelers is trying to raise the same issues. All the applicants' counsels, in this case the injured football players' counsels, have been waiting around now for two-and-a-half years because this case was originally filed in December 2013. So all those cases are effectively stayed because no one wants to spend more time on those cases, and in the intervening period, one of those claimants was Ken Stabler. He has since passed away, and that's part of the problem we have here. That system is set up to efficiently deal with coverage, to get applicants paid, and that's why we shouldn't be in federal court two-and-a-half years later when they have a speedy resolution there, they can raise all these issues there, they can claim apportionment, they can raise coverage if they believe that to be the case, and we're doing a disservice to the applicants there, which is the whole point of the WCAB, is to make sure those people are paid and paid in a timely fashion. One other question. There was a suggestion that Travelers was forum shopping. Where did that come from? Well, because of that intervening finding of Judge Mark on the coverage, once they had that adverse, or in our case, for the Saints, a finding that the Saints were covered, therefore not illegally uninsured, and as Travelers puts in their brief, illegally uninsured is their linchpin. Well, the problem is that the judge, the WCAB judge, who they have lots of experience in these matters, they understand the last year, there's no fake last year, all those issues are, the judges have the expertise, and once that decision came down that found coverage under that same policy, Travelers plainly didn't want to be before the WCAB and before the judges there that had already determined coverage here, so therefore they went to federal court, and that's why we're calling it forum shopping, which is what Judge Staten also found, is that they went in that direction at that point. So Travelers has been found liable by the WCAB as one of the employers during, within the period. They voluntarily resolved that case. So they settled that case because they were an employer within that last period. You also said it was within the judicial created last year. I thought it was within the one year under the statute. It was the one year under the statute. So there is no, there's no relating back here at all. I didn't think so. No, there just isn't. And Travelers wasn't the employer, it was the Saints, or the Chiefs, I forget which it was, but Travelers is subrogated to their rights. Is that what we're talking about? Yeah. Travelers is subrogated to the Chiefs' right. The Chiefs were the employer actually the entire last year. The Saints were down below that, so you never even get back there. We're in this year where there was insurance, where there was an employer with insurance, and the Saints are even a layer down. Okay. Any other questions of my colleague? No. No. He's used up his rolls. Okay. Thank you, Your Honor. The other side used up time. Any of my colleagues have questions for Travelers? Well, I'd like to get a clarification of this point. Come on up, counsel. It was somehow judicially created last year. I must have misunderstood. Your Honor, what I meant by that is that there is a real last year when it's the actual year, the last, the employee actually played, in this case, a professional sport. Yeah. When there's no personal jurisdiction or not, the judge in that instance has to take certain determinations. It is provided by the statute itself, but it's the workers' compensation judge that has to make that decision, and that's what I would also like just to point out, that the second paragraph of 5500.5A is not required to get to the third part. They are separate and distinct subparts of the statute, and therefore, as long as you're in that last particular situation where one insured employer pays benefits that all or part should have been paid by an illegally uninsured employer, you're able to recover reimbursement and segregation. So I gather your primary position here is that there is pushback under the statute, and your opposition says there is none because one of the employers had insurance, and that's covered under the code. You say that there is. Why is that? Well, there's pushback because the player actually continued playing in 1989, and this deals with the period of approximately 1987. So there was no jurisdiction in California over the last employer there, the Cincinnati Bengals, so then you have to go back, and that's this Patterson workers' comp case cited in the papers, and you have to keep going back and back and back until you have both jurisdiction and insurance. That's why there is pushback and there is a, quote, faith, end quote. Since you raised the Bengals, did you raise that argument below that work was employed by the Bengals in 1989, or are you floating that for the first time on appeal? That was one of the amendments we said we could make to explain what actually happened here. I used the phrase the pertinent time frame was this. I thought that may have assisted to leading toward the district court's erroneous order, and so if we were, we believe that the district court's order should be reversed, but if we were allowed leave to amend, we would add facts including that this was, there was a later year, no jurisdiction, and then it was the pushback. Any other questions? Thank you both, counsel, for your arguments. We appreciate it. The case just argued is submitted.
judges: Fisher, M. Smith, Nguyen